**Gerald L. ROGERS, Petitioner—Appellant,**

v.

**UNITED STATES PAROLE COMMISSION, Respondent—Appellee.**

No. 03–17353.

D.C. No. CV–03–00393–DCB.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 22, 2004.

Gerald L. Rogers, Tucson, AZ, pro se.

Daniel G. Knauss, AUSA, USTU–Office of the U.S. Attorney, Tucson, AZ, for Respondent–Appellee.

Before LEAVY, McKEOWN and BERZON, Circuit Judges.

MEMORANDUM **

Gerald L. Rogers appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Rogers contends that the district court erred by: (1) concluding that his § 2241

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

petition was barred by a vexatious litigant order issued by the United States District Court for the Central District of California; and (2) concluding that the United States Parole Commission's (the "Commission") execution of Rogers' sentence and imposition of special conditions upon his parole did not violate the "rule of specialty" or the *ex post facto* clause. We disagree. Even assuming that Rogers' petition is not barred by the vexatious litigant order, his claims are without merit.

Rogers contends that the Commission's execution of his sentence and imposition of special conditions upon his parole violates the "rule of specialty" of the Treaty of Extradition between the United States and Switzerland. Under the "rule of specialty," a requesting nation may not prosecute an extradited individual for any offense other than that for which the surrendering nation agreed to extradite. *See United States v. Van Cauwenberghe*, 827 F.2d 424, 428 (9th Cir.1987). Given that Rogers was never extradited, and formally waived his right to extradition from Switzerland, the "rule of specialty" is inapplicable here. *See United States v. Valot*, 625 F.2d 308, 310–11 (9th Cir.1980).

Rogers further contends that the Commission's imposition of special conditions upon his parole violated the *ex post facto* clause of the United States Constitution. The *ex post facto* clause is violated if: (1) regulations have been applied retroactively to a defendant; and (2) the new regulations have created a "sufficient risk" of increasing the punishment attached to the defendant's crimes. *Himes v. Thompson*, 336 F.3d 848, 854 (9th Cir.2003) (citations omitted). That is not the case here. Accordingly, the district court properly denied this claim.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Rogers' motion to disqualify all the judges of this court, filed June 7, 2004, is denied as groundless. *See* 28 U.S.C. § 455(a).

AFFIRMED.